IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

**RAFAEL HERNANDEZ,**

        Plaintiff,

  v.

**TYLER BLEWETT,** Superintendent, et al.

        Defendants.

Civ. No. 2:20-cv-01996-AA

**OPINION AND ORDER**

_____

AIKEN, District Judge:

Plaintiff, an inmate at Two Rivers Correctional Institution, filed this civil rights action under 42 U.S.C. § 1983. Plaintiff asserts that, while he was routinely treated over the course of 15 years for an eye injury, he was ultimately denied a surgical procedure alleged to be necessary. Plaintiff asserts that Defendants—who include the current superintendent and correctional medical staff ("State Defendants"), and Plaintiff's treating physician, Dr. Steven Evers ("Defendant")—failed to provide adequate eye care, constituting "cruel and unusual punishment" and "deliberate indifference" to Plaintiff's medical needs. Plaintiff seeks monetary damages and injunctive relief under 42 U.S.C. § 1983. Before the Court is

Page 1 – OPINION AND ORDER

Defendant's Motion to Dismiss. ECF No. 28. Plaintiff responded, ECF Nos. 47, 62, and later moved to amend his Complaint. ECF No. 65. For the reasons explained, Defendant's Motion to Dismiss, ECF No. 28, is GRANTED and Dr. Steven Evers is DISMISSED from this case. Plaintiff's Motion for Leave to Amend, ECF No. 65, is DENIED.

## FACTUAL BACKGROUND

Plaintiff filed his initial complaint on January 27, 2021. ECF No. 6. On March 1, 2021, the Court entered an Order granting Plaintiff leave to amend his Complaint, as Plaintiff failed to state a claim for deliberate indifference. ECF No. 7. Plaintiff filed his First Amended Complaint ("FAC") on May 27, 2021. ECF No. 11.

On August 9, 2021, the Department of Justice filed an Answer on behalf of Defendants Norton and Patton (the "State Defendants") only. ECF No. 23. At paragraph 14, the Department of Justice and State Defendants identify Defendant Evers as a "contractor with ODOC," not an ODOC employee. Therefore, Defendant brings this motion to dismiss Plaintiff's claims as against himself.

## LEGAL STANDARD

### I.    Motion to Dismiss

A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief. Fed. R. Civ. P. 8. In addition, "[e]ach allegation must be simple, concise, and

direct." Fed. R. Civ. P. 8(d)(1). A complaint must include "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also In re Century Aluminum Co. Securities Litigation*, 729 F.3d 1104, 1107 (9th Cir. 2013). The plausibility requirement guards against requiring a defendant "to be subject to the expense of discovery and continued litigation" if the initial allegations could not support a finding for the plaintiff. *Levitt v. Yelp! Inc.,* 765 F.3d 1123, 1135 (9th Cir. 2014). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 556.

A motion to dismiss under Rule 12(b)(6) will be granted if the plaintiff fails to allege the "grounds" of their "entitlement to relief." *Reitz v. City of Portland Police Dept.*, 2014 WL 4243738, *1 (D. Or. 2014), citing *Twombly*, 550 U.S. at 555 (2007) (quotations omitted). And while a court must accept well-pleaded factual allegations as true, a court need not accept legal conclusions couched as factual recitations in assessing whether the complaint survives a motion to dismiss. *See Ashcroft*, 556 U.S. at 678-679. A complaint is insufficient if it states the elements of a claim without providing corresponding factual allegations. *Id*. at 678. A claim only rises above the speculative level "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Reitz*, 2014 WL 4243738, at *1, citing *Ashcroft*, 556 U.S. at 678.

Although the plaintiff need not provide "detailed factual allegations" to survive a motion to dismiss, they must provide more than "labels and conclusions" or "a

formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Therefore, vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss. *Ivey v. Bd. Of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Further, although *pro se* plaintiffs are generally subject to less stringent standards than formal pleadings drafted by lawyers, their pleadings "nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

## II.    Motion to Amend

The Federal Rules provide that leave to amend pleadings shall be freely given when justice so requires. Fed. R. Civ. P. 15(a); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987).  The court should be guided by consideration of whether the amendment would prejudice the opposing party, whether it is sought in bad faith, whether the proposed amendment would be futile, and whether the amendment would cause undue delay.  *Loehr v. Ventura County Community College Dist.*, 743 F.2d 1310, 1319 (9th Cir.1984).  Prejudice to the opposing party is the most important of these considerations.  *DCD Programs*, 833 F.2d at 186; *see also Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir.1990) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–31 (1971)).

While delay alone is insufficient to deny amendment, *Loehr*, 743 F.2d at 1319–20, undue delay should be considered.  *See Morongo Band of Mission Indians v. Rose*,

893 F.2d 1074, 1079 (9th Cir.1990) (affirming district court's denial of motion for leave to amend to add new claims made two years into litigation).

Leave to amend should not be granted where amendment would be futile. *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir.1988). The test for futility is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6). *Miller*, 845 F.2d at 214. Accordingly, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleading that would constitute a valid and sufficient claim or defense. *Id.*

## DISCUSSION

### I.    Deliberate Indifference

Defendant moves to dismiss Plaintiff's Section 1983 claim against him, because Plaintiff has not sufficiently alleged that Defendant, individually, acted with deliberate indifference that resulted in substantial harm to Plaintiff. Defendant asserts that Plaintiff's allegations largely concern the Oregon Department of Corrections and its employees, and that Plaintiff does not allege any specific action or omission on Defendant's part to make a showing that Defendant, individually, was deliberately indifferent in violation of Plaintiff's constitutional rights.

Liability under § 1983 arises upon a showing of personal participation by each defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The plaintiff must allege that each named defendant, through his or her own individual actions, violated plaintiff's constitutional rights. *Id.*

To prove deliberate indifference to serious medical needs, the plaintiff must satisfy objective and subjective components. *See Delker v. Maass*, 843 F. Supp. 1390,

1398 (D. Or. 1994) (interpreting *Estelle v. Gamble*, 429 U.S. 97,106 (1976)). "The objective element requires proof that the prisoner's serious medical needs were not timely and properly treated." *Id.* The subjective component requires the plaintiff to show "a sufficiently culpable state of mind," *Hudson v. McMillian*, 503 U.S. 1, 8, (1992). "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 16 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment. *Estelle*, 429 U.S. at 104-105.

Here, Plaintiff made a non-emergency health care request to see an eye specialist on December 5, 2018, and that he received a response from ODOC on December 12, 2018, stating "you will be scheduled to see the eye doctor for an evaluation." First Amended Complaint ("FAC") ¶¶ 74-76, ECF No. 11. Plaintiff's complaint shows that, in 2019, he filed grievances with ODOC stating that he wanted an eye surgeon to repair his eye. FAC ¶ 66(a). ODOC named Defendant as Plaintiff's optometrist and noted that Defendant saw Plaintiff regularly and prescribed Visine A for Plaintiff. *Id.* Not satisfied with treatment by Defendant—an optometrist, not

an eye surgeon—Plaintiff filed a grievance "demand[ing] to be properly evaluated by an outside provider/optical surgeon and properly treated." FAC ¶ 66(b). ODOC responded that treatments notes showed "no pain" or self-managed pain management. *Id*. Plaintiff again filed a grievance with ODOC, alleging that Defendant was not "qualified as an optical surgeon" and that he wanted to be evaluated by a surgeon. ODOC responded that Plaintiff's care by an optometrist was "appropriate." FAC ¶ 66(c). Plaintiff alleges that Defendant "*seemed* deliberately indifferent," and did not "offer a real solution." FAC ¶ 76 (emphasis added).

Plaintiff does not provide any supporting facts specific to Defendant from which the Court can infer what Defendant's "mental attitude actually was." *Toguchi*, 391 F.3d at 1057. Nor does Plaintiff allege that Defendant "kn[ew] of and disregard[ed] an excessive risk" to his health. *Id*. at 1051. The allegation that Defendant is an optometrist, and not an optical surgeon, does not support the claim that Defendant deliberately disregarded a known risk of substantial harm to plaintiff. Plaintiff's allegations do not demonstrate Defendant's involvement in any alleged failure of ODOC to send Plaintiff to an optical specialist or surgeon. Nor does Plaintiff allege that Defendant interfered with Plaintiff's desire for treatment by an optical surgeon, or that Defendant, an independent contractor to ODOC, has authority to ensure that Plaintiff is treated by an optical surgeon.

The final assertion, that Defendant did not offer a "real" solution, is vague and it is not apparent what Plaintiff alleges that Defendant did or failed to do. Plaintiff must allege facts from which the Court can infer Defendant's actual conduct—what solution he offered and/or failed to offer. Plaintiff must also then allege why that

solution was so inadequate that it rises to the level of deliberate indifference.  There are no allegations from which the Court can accept as true or construe in Plaintiff's favor—only conclusory legal assertions that Defendant "seemed" deliberately indifferent, which the Court need not accept in assessing whether a complaint survives a motion to dismiss. *Ashcroft*, 556 U.S. at 678.

Plaintiff seeks injunctive relief—eye surgery—which his own allegations state that that Defendant cannot provide and there is no showing that Defendant can require ODOC to send Plaintiff to an optical surgeon.  Accordingly, Plaintiff's FAC failed to allege deliberate indifference in violation of his constitutional rights to support a claim under § 1983.

## II.    Proposed Amended Allegations Against Defendant, Dr. Steven Evers

As to Defendant, Plaintiff's Proposed Second Amended Complaint ("SAC"), ECF No. 65-1 adds that Defendant "was [Plaintiff's] primary physician related to all eye-related treatment during the period of 2010 to the present date[,]" and that Defendant "assisted and perpetuated the issues prevalent within [ODOC . . .] by nonreporting and ignoring the duties within the department."  SAC ¶ 69.

The amended allegations do not repair the deficiencies described above, where Plaintiff does not allege what "issues" Defendant "assisted" with or "perpetuated" within ODOC; what Defendant should have reported; what information Defendant ignored; and what duties he had, as an independent contractor to ODOC.  Leave to amend should not be granted where amendment would be futile. *Miller,* 845 F.2d at 214.  Accordingly, Plaintiff's proposed amendments to his allegations against Defendant are futile here, where no set of facts can be proved under the amendment

to the pleading that would constitute a valid and sufficient claim of deliberate indifference. *Id.*

## III.    Supplemental Jurisdiction Over State-Law Claims

The Court has discretion to decline to exercise supplemental jurisdiction over a state law claim when the "district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. §1367(c)(3).  When a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it ordinarily also dismisses all related state claims. *Artis v. D.C.*, 138 S. Ct. 594, 595 (2018). Accordingly, because Court dismisses the Section 1983 claim against Defendant, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law medical negligence / malpractice claim, to the extent plaintiff has sufficiently alleged such a claim.

## IV.    Motion to Amend Complaint (Request for Reconsideration)

Plaintiff filed a Motion to Amend the Complaint ("Mot. to Amend"), ECF No. 65, in which he "requests reconsideration of the [Court's] prior dismissal of certain Defendants and certain claims for relief," under FRCP 54(b).  Mot. to Amend at 3. Plaintiff also asserts that State Defendants are estopped from asserting that the statute of limitations applied to bar Plaintiff's claims against the dismissed Defendants and, last, Plaintiff, now represented by counsel, also asserts that the Court should reconsider its Order because Plaintiff's FAC was submitted *pro-se*, and Plaintiff did not have the "resources or knowhow" to handle the complexities of the case. *Id.*

Rule 54(b) of the Federal Rules of Civil Procedure provides that any order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The rule does not address the standards that a district court should apply when asked to reconsider an interlocutory order, and the Ninth Circuit has not established a standard of review.

However, "Rule 54(b) is not a mechanism to get a 'do over' to try different arguments or present additional evidence when the first attempt failed. Thus, while the limits governing reconsideration of final judgments under Rule 59(e) do not strictly apply, courts frequently invoke them as common-sense guideposts when parties seek reconsideration of an interlocutory ruling under Rule 54(b)." Stephen S. Gensler & Lumen N. Mulligan, 2 *Fed. R. of Civ. P., Rules and Commentary*, Rule 54 (2022).

Accordingly, when reconsidering an interlocutory order, district courts in the Ninth Circuit have held that motions to reconsider under Rule 54(b), while generally disfavored, may be granted if: (1) there are material differences in fact or law from that presented to the court and, at the time of the court's decision, the party moving for reconsideration could not have known the factual or legal differences through reasonable diligence; (2) there are new material facts that happened after the Court's decision; (3) there has been a change in law that was decided or enacted after the court's decision; or (4) the movant makes a convincing showing that the court failed to consider material facts that were presented to the court before the court's decision. *See Unigestion Holding, S.A. v. UPM Tech., Inc.*, 614 F. Supp. 3d 823, 828–29 (D. Or.

2022) (cataloguing cases discussing factors applied in District Courts in the Ninth Circuit).

### A.    *Reconsideration of Dismissed Parties*

Here, Plaintiff asks the Court to reconsider its dismissal of State Defendants Dieter,[1] Bugher, and DiGulio.  Mot. to Amend at 5.  The Court dismissed those State Defendants based on the statute of limitations applying to bar Plaintiff's claims. Order, ECF No. 16.  Plaintiff argues that the Court should reconsider and reverse its Order dismissing those State Defendants "based on the policy implemented, policy ignored, and specific evidence showing individual contributions of willful blindness, which were exhibited against the written ODOC standard and against the employment duties and obligations required of each actor in each actor's respective professional role."  *Id*. at 4.

As proposed amendments, Plaintiff's counsel alleged that State Defendants Bugher and DiGulio were participants who have "assisted, perpetuated, and/or taken part in the issues prevalent within the ODOC of nonreporting and ignoring the duties within the department to ensure" that Plaintiff was protected against cruel and unusual punishment.  Mot. to Amend, Ex. 1 at ¶¶ 70-71.

Plaintiff contends that the dismissed State Defendants should be added back because their misleading conduct tolled the statute of limitations indefinitely on all of Plaintiff's claims, dating back to 2007.  However, that is what Plaintiff, even *pro*

---

[1]    While a correctional employee with the surname "Dieter" is mentioned in Plaintiff's Complaint, that individual is not named as a defendant nor were they listed in the challenged Order.  Therefore, the Court will only consider Plaintiff's arguments with respect to Bugher and DiGulio.

*se*, has been consistently arguing, and the Court has twice considered those claims.

In the Court's decision, dated June 17, 2021, the Court stated:

> ". . . Plaintiff was advised of several deficiencies in his Complaint and allowed the opportunity to amend. Plaintiff timely filed an Amended Complaint.
>
> "Plaintiff was advised that his First Claim for Relief, alleging inadequate medical care from 2007 through 2010, was likely barred by the applicable two-year statute of limitations. *Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002). Plaintiff realleges this claim and argues that equitable tolling should apply. However, plaintiff's own allegations and documents submitted in support of his claims make it clear that plaintiff knew or should have known of alleged injuries arising from medical treatment he received from 2007 to 2010. *See* Exhibits (ECF No. 2). Accordingly, plaintiff First Claim for Relief is untimely.

Order at 2, ECF No. 16.

Plaintiff has failed to show any of the recognized factors for reconsideration under Rule 54(b). There are no material differences in fact or law from what was previously presented to the Court that Plaintiff could not have known through reasonable diligence. There are no new material facts that happened after the Court's decision. There has been no change in law decided or enacted after the Court's decision. And Plaintiff has not made a convincing showing that the Court failed to consider material facts or law that were presented before the Court's decision.

## B. *Reconsideration of Dismissed Claims*

Plaintiff asserts that the Court's dismissal of his claims for inadequate medical care for the years 2007 – 2010, based on the applicable state of limitations, should also be reconsidered. Mot. to Amend at 7-13. Plaintiff also asserts that the Court

should reconsider claims previously dismissed, because "continuing medical care tolls the statute of limitations." However, for the reasons above stated, Plaintiff argued, and the Court considered, the equitable tolling argument. "While a motion for reconsideration allows a party to bring a material oversight to the court's attention, it is not appropriate for a party to request reconsideration merely to force the court to think about an issue again in the hope that it will come out the other way the second time." *Brown v. S. Nevada Adult Mental Health Servs.*, 2014 WL 2807688, at * 2 (D. Nev. June 20, 2014) (cleaned up).

### C.    *Reconsideration based on the Doctrine of Estoppel*

Plaintiff asserts that the Court should reconsider its Order dismissing the above claims and parties because State Defendants are estoped from asserting the that the statute of limitations bars Plaintiff's claims. To the extent that Plaintiff's argument is that equitable tolling applies, the Court rejects that argument for the reasons stated above. Plaintiff's argument that State Defendants are barred by the doctrine of estoppel from asserting a statute of limitatons defense is a new argument. Motions for reconsideration are generally disfavored, and may not be used to present new arguments or evidence that could have been raised earlier. *Fuller v. M.G. Jewelry,* 950 F.2d 1437, 1442 (9th Cir.1991).

### D.    *Reconsideration based on Pro Se Status*

Contrary to Plaintiff's argument that the Court should reconsider its Order based on Plaintiff initial pro se status and lack of knowhow, the Court finds that Plaintiff has adequately represented his interests and was able to file motions, articulate facts, and present clear legal arguments. Plaintiff's counsel's amendments

are minimal at best and do not reconcile any deficiencies identified in Plaintiff's pro

se pleadings.  Accordingly, the Court declines to reconsider its Order, ECF No. 16.

### E.    *Motion to Amend*

Plaintiff's basis for his Motion to Amend was the Court's reconsideration of its

earlier Order, ECF No. 16.  The Court has reviewed Plaintiff's proposed amendments,

declarations, and exhibits, and finds that reconsideration is not warranted, for the

reasons explained above, and that any amendment would otherwise be futile, also for

the reasons described above, concerning Defendant Evers.  *See Miller*, 845 F.2d at

214.

## CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss, ECF No. 28, is

GRANTED and Dr. Steven Evers is DISMISSED from this case.  Plaintiff's Motion

for Leave to Amend, ECF No. 65, is DENIED.


IT IS SO ORDERED.

Dated this 2nd day of August 2023.


_____/s/Ann Aiken_____

Ann Aiken
United States District Judge